UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

A & J PRODUCE CORP.,

       Plaintiff,

  -v-                                            No. 16 CV 7239-LTS

HARVEST PRODUCE CORP., CUONG
LUC HOANG and DANNY TRUONG,

       Defendants.

-------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

       A&J Produce Corp. ("Plaintiff") moves for a default judgment against Defendants, pursuant to Federal Rule of Civil Procedure 55(b)(2) and S.D.N.Y. Local Civ. R. 55.2(b), on its claim for breach of the trust provision of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c), which creates a trust in favor of the seller of perishable agricultural commodities and their proceeds upon receipt by the buyer, pending full payment. Plaintiff, a wholesale distributor that sold perishable agricultural commodities to Harvest Corp. ("Harvest") without receiving payment, brings this action against defendants Harvest, Cuong Luc Hoang and Danny Truong (collectively, "Defendants"), jointly and severally, asserting a variety of claims resulting from Defendants' alleged failure to pay Plaintiff for the wholesale quantities of produce sold and delivered by Plaintiff to Harvest. Defendants have not appeared or responded to the claims asserted in this action, despite being afforded ample time and opportunity to do so. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331.

       The Court has reviewed Plaintiff's submissions carefully and, for the following reasons, Plaintiff's motion for default judgment is granted.

BACKGROUND[1]

The following facts are alleged in the Complaint. ("Compl.," Docket Entry No. 1). Both Plaintiff and Harvest are New York corporations engaged in the business of buying and selling wholesale quantities of produce in interstate commerce. (Compl. ¶¶ 3-4.) Each has its principal place of business in New York and both are licensed as dealers pursuant to PACA. (Id.) Hoang and Truong are "officers, directors and/or shareholders of Harvest," and were "in a position of control of the PACA trust assets belonging to Plaintiff." (Id. ¶¶ 5-6.) On August 12, 2013, Hoang signed an agreement "that as a condition of A&J granting credit, [he] will personally guarantee the prompt payment of all invoices and costs fro[m] the collection of past due balances." (Ex. F.) Moreover, on April 4, 2014, Truong also signed as a personal guarantor. (Ex. G.)

Plaintiff alleges, based on an attached invoice, that between June 27, 2016 and June 28, 2016, Plaintiff sold and delivered to Defendant Harvest $19,812.00 worth of wholesale quantities of produce moved in interstate commerce. (Compl. ¶ 8, Ex. H.) Plaintiff performed its obligations and Defendants accepted the produce, received Plaintiff's invoice and never disputed the amount due, but failed to pay for the goods tendered despite repeated demands. (Compl. ¶ 9.) Plaintiff asserts that a trust was created, "[a]t the time of receipt of the produce, [where] A&J became a beneficiary of the PACA statutory trust designed to assure payment to

---

[1] The facts recited herein are drawn from Plaintiff's Complaint ("Compl.", Docket Entry No. 1), and submissions in connection with this motion practice. In light of Defendants' failure to respond to the complaint, Plaintiff's well-pleaded factual allegations are deemed admitted. See Fed. R. Civ. P. 8(b)(6); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability.").

produce suppliers." (Id. ¶ 10.) The face of the invoice includes the following requisite PACA statutory language to preserve trust protection:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from commodities and any receivables or proceeds from the sale of these commodities until full payment is received.

(Ex. H.) Plaintiff's invoice further provides that "[p]ast due invoices shall accrue interest at the annual rate of 18%. If overdue accounts are referred to an attorney, you agree to pay our reasonable attorney's fees, plus the costs of all legal action as an additional charge under the contract of sale covered by this invoice." (Id.)

On September 7, 2016, Plaintiff notified Harvest of the overdue invoice and requested attention for payment. (Id.) Plaintiff asserts that "[d]efendants' failure, refusal and inability to pay A&J indicates that [d]efendants are failing to maintain sufficient assets in the statutory trust to pay A&J and are dissipating trust assets." (Compl. ¶ 12.) Plaintiff asserts that it remains a beneficiary of the PACA statutory trust until it receives full payment for the produce. (Id. ¶ 11.)

On September 16, 2016, Plaintiff filed the Complaint in this action, seeking to recover the principal amount of $19,812.00 plus accrued interest and attorneys' fees for Defendants' breach of the PACA trust provisions and on other related theories of liability. (Docket Entry No. 1.) When Defendants failed to appear or file an Answer, Plaintiff requested entry of a certificate of default against all defendants, which was entered by the Clerk of Court on November 2, 2016. (Docket Entry No. 16.)

DISCUSSION

Default Judgment

In determining whether to grant a motion for default judgment, courts within this district first consider three factors: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Indymac Bank, F.S.B. v. National Settlement Agency, Inc., No. 07 Civ. 6865 (LTS) (GWG), 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (internal citation omitted); see also Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013) (applying these factors in review of lower court grant of a default judgment). The Court finds that all three factors weigh in Plaintiff's favor.

Defendants' failure to respond to either Plaintiff's Complaint or Motion for Default Judgment is indicative of willful conduct. See Indymac Bank, F.S.B., 2007 WL 4468652, at *1 (holding that non-appearance and failure to respond to a compliant or motion for default judgment indicate willful conduct). Moreover, the court is unaware of any meritorious defenses and, because Defendants failed to appear, they cannot present such a defense. Finally, the Court finds that Plaintiff will be prejudiced and left with no alternative recourse if it is denied the ability to seek judgment by default.

Although defendants have not appeared to defend this action and the Clerk of Court has entered a certificate of default, this Court must determine "whether the allegations in Plaintiff's complaint are sufficiently pleaded to establish [the defendants] liability." Lenard v. Design Studio, 889 F. Supp. 2d 518, 528 (S.D.N.Y. 2012).

To enforce a PACA trust, a plaintiff must show: "(1) the commodities sold were perishable agricultural commodities; (2) the purchaser of the perishable agricultural commodities

was a commission merchant, dealer, or broker; (3) the transaction occurred in interstate or foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by giving written notice to the purchaser of its intention to[ ]do so." Nico Mexi Food, Inc. v. Abarrotera Cent. #2 Wholesale Corp., No. 14 Civ. 296 (KNF), 2016 WL 873466, at *3 (S.D.N.Y. Feb. 20, 2016) (citing 7 U.S.C. § 499e); see also 7 U.S.C. § 499a (defining terms)[2].

Plaintiff alleges, and proffers invoices showing that, between June 27, 2016 and June 28, 2016, Plaintiff sold and delivered to Defendants $19,812.00 worth of wholesale quantities of produce which had been shipped or moved in interstate commerce, thereby meeting the first and third elements. (Compl. ¶ 8; see Exhibit H.) Plaintiff also alleges that both it and Harvest were "licensed under the provisions of PACA as a dealer," that Plaintiff was "engaged in the business of buying and selling wholesale quantities of produce in interstate commerce," and that Defendant Harvest was "engaged in the business of buying and selling wholesale quantities of produce in interstate commerce" and maintains a PACA license number, (see Exhibit F), thereby meeting the second element. (Compl. ¶¶ 3-4.) Plaintiff further alleges that Defendants "accepted the produce, but have failed to pay for the goods when payment was due, despite repeated demands," thereby meeting the fourth element. (Id. ¶ 9.) Finally, Plaintiff alleges that "A&J preserved its interest in the PACA trust," (Id. ¶ 11), by including the necessary language on the face of the invoice, thereby meeting the fifth element. (See Ex. H.) As noted above,

---

[2] A "perishable agricultural commodity" includes "[f]resh fruits and fresh vegetables of every kind and character." 7 U.S.C.S. § 499a(b)(4) (LexisNexis 2001). A "person" includes "individuals, partnerships, corporations, and associations." Id. § 499a(b)(1). A PACA "dealer" is any "person engaged in the business of buying or selling in wholesale or jobbing quantities . . . any perishable agricultural commodity in interstate or foreign commerce." Id. § 499a(b)(6).

Plaintiff's uncontroverted allegations are deemed admitted. Accordingly, Plaintiff has satisfied the elements required to establish liability on its PACA trust claim.[3]

Having established Harvest's liability, the Court next examines Hoang and Truong's derivative joint and several liability as individuals in control of Harvest's trust assets. "An individual who is in a position to control the assets of the PACA trust and fails to preserve them, may be held personally liable to the trust beneficiaries for breach of fiduciary duty." Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 705 (2d Cir. 2007) (finding the President, sole shareholder, and sole director in a position of control over PACA trust assets personally liable).

To date, Hoang and Truong have also failed to appear or respond to Plaintiff's Complaint and Motion for Default Judgment, despite having been properly served and having had adequate time to do so. The Court accepts as true Plaintiff's allegations that both defendants were "officer[s], director[s], and/or shareholder[s] who operated Harvest during the relevant time period and, upon information and belief, [were] in a position of control over the PACA trust assets belonging to [Plaintiff]." (Compl. ¶¶ 5-6.) Additionally, the documents provided by Plaintiff to the Court confirm Hoang and Truong's positions in Harvest and include both Hoang and Truong's signatures as personal guarantors of Harvest at the relevant time. (See Ex. F, G.) Plaintiff has sufficiently demonstrated that Hoang and Truong were in control of Harvest at the time of injury, and as a result, are properly held jointly and severally liable.[4]

---

[3] Having found liability under PACA, the Court need not address Plaintiff's alternative claims for failure to pay for goods sold and breach of contract. (Compl. ¶¶ 21-29.)

[4] Having found joint and several liability, the Court need not address alternative claims for liability against Hoang and Truong.

Default Damages

Under PACA, perishable agricultural commodities are to be held in a trust by purchasing dealers "until full payment of the sums owing in connection with" the purchase is received. 7 U.S.C.S. § 499e(c)(2) (LexisNexis 2001). A dealer in violation of any provision of PACA "shall be liable to the person or persons injured thereby for the full amount of damages (including any handling fee paid by the injured person or persons under section 6(a)(2) [7 USCS § 499f(a)(2)] of this title) sustained in consequence of such violation." Id. § 499e(a). The Second Circuit has confirmed that, "where the parties' contracts include a right to [reasonable] attorneys' fees, they can be awarded as 'sums owing in connection with' perishable commodities transactions under PACA." Coosemans Specialties, 485 F.3d at 709 (affirming judgment awarding the principal, interest and attorneys' fees to plaintiffs under PACA); see also Tomato Mgmt., v. CM Produce LLC, No. 14 Civ. 3522 (JPO), 2014 WL 2893368, at *2-3 (S.D.N.Y. June 26, 2014) (finding plaintiff's contractual right to reasonable attorneys' fees was supported under the PACA trust). It is similarly settled that reasonable contractual prejudgment interest provisions are enforceable under PACA. Tomato Mgmt., 2014 WL 2893368, at *1.

Plaintiff's invoice provides that "[p]ast due invoices shall accrue interest at the annual rate of 18%. If overdue accounts are referred to an attorney, you agree to pay our reasonable attorney's fees, plus the costs of all legal action as an additional charge under the contract of sale covered by this invoice." (See Exhibit H.) The Court finds the rates and time charged by Plaintiff's attorney (see Exhibit K) and contracted interest rate are reasonable. Accordingly, the Court finds that Plaintiff is entitled to recover attorney's fees of $4,178.42 and accrued prejudgment interest at an annual rate of 18% on the unpaid invoices.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is granted. Plaintiff is entitled to judgment against Defendant in the principal amount of $19,812.00, plus accrued interest at an annual rate of 18% from September 7, 2016, the date on which payments to Plaintiff were contractually due, in the amount of $3,429.37, and attorneys' fees in the amount of $4,178.42, for a total judgment in the amount of $27,419.79. This Memorandum Opinion and Order resolves Docket Entry No. 19.

The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Dated: New York, New York
August 24, 2017

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge